IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MISSY JONES, Individually and as Parent and Next Friend of JESSICA JONES, a Minor — PLAINTIFFS

v. — CASE NO. 05-6010

SEARS, ROEBUCK, and COMPANY — DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The Court this date has for consideration the Defendant's Motion for Summary Judgment (Doc. 6) on Plaintiff's tort claims based on Arkansas State law.[1] In its motion, Defendant contends Plaintiffs are unable to meet their burden of proof under Arkansas premises liability case law, and no genuine issues of material fact remain.[2] Plaintiffs allege that genuine issues of material fact exist, specifically whether the "foreign substance" was present for a time long enough to render Defendant negligent and whether Defendant committed a tort of outrage.[3] For the reasons that follow, we determine Defendant's motion is DENIED.

**A. Background**

Except as noted, the following facts are not disputed. This case arises out of events occurring on March 5, 2004, at Defendant's store

[1]This case was originally filed in the Circuit Court of Garland County, Arkansas and was properly removed to this Court pursuant to 28 U.S.C. § 1441. Notice of Removal (Doc. 1). Diversity of citizenship exist, therefore, this Court has original subject matter jurisdiction under 28 U.S.C. 1332(a). *Id.*

[2]Defendant's Motion for Summary Judgment, para. 8 (Doc. 6).

[3]*See* Plaintiff's Response to Motion for Summary Judgment (Doc. 9) and Plaintiff's Memorandum of Law in Support of Plaintiffs' Response to Motion for Summary Judgment (Doc. 10).

AO72A
(Rev. 8/82)

in Hot Springs, Arkansas. Plaintiff Jessica Jones[4] and her mother, Plaintiff Missy Jones, entered the Defendant's dressing room area for Plaintiff Jessica Jones to try on a swimsuit. Upon entering the area, both Plaintiffs noticed an odor. Plaintiff Missy Jones then entered a second dressing room, while Plaintiff Missy Jones located a store employee to inquire about the odor. Plaintiff Missy Jones returned to the dressing area with a store employee. The store employee, Regina Murders, contends she searched for any cause of the odor in all dressing rooms except the one which was occupied by Plaintiff Jessica Jones. Regina Murders claims she could not find the source of the odor. Plaintiffs allege that an unidentified store employee stated that the odor had been there for days and that air freshener had been sprayed to mask the odor. Neither Plaintiff is able to identify the employee, other than she was a white woman of medium build with short hair. No employee has admitted that they made such a comment or that air freshener had been used.

Plaintiff Missy Jones departed the dressing area to obtain a second swimsuit for her daughter to try on, while Plaintiff Jessica Jones remained in the second dressing room. While Plaintiff Jessica Jones was putting on the bottom part of the second swimsuit, she felt something cold[5] and wet on her leg. She stated human feces was on the

[4]At the time of the incident, Plaintiff Jessica Jones was 15 year old. Defendant's Motion for Summary Judgment, para. 2 (Doc. 6).

[5]Plaintiff Missy Jones stated that her daughter described the substance as cold and wet; however, Plaintiff Jessica Jones only described the substance as wet in her deposition testimony.



AO72A
(Rev. 8/82)

swimsuit and was smeared onto her leg as she was putting on the swimsuit. She called for her mother to help her. Store employees gave Plaintiff Missy Jones rubbing alcohol and towels, and the substance was removed. Plaintiff Missy Jones contends she came in contact with the feces while attending her daughter.

**B. Discussion**

In determining whether summary judgment is appropriate, the Court must view the facts and inferences in the light most favorable to the non-moving party. *See Rabushka v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997). The moving party bears the burden of establishing the absence of issues of material fact in the record and of establishing that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 316 (1986). "Judgment as a matter of law is appropriate only where the nonmoving party has presented insufficient evidence to support a jury verdict in his or her favor. . . ." *Harvey v. Wal-Mart Stores, Inc.*, 33 F.3d 969 (8th Cir. 1994). Summary judgment is improper if "a genuine issue of fact or *conflicting inferences* can be drawn from the undisputed facts. . . ." *Jenkins v. Southern Farm Bureau Casualty*, 307 F.3d 741, 743 (8th Cir. 2002) (quoting *Lilley v. BTM Corp.*, 958 F.2d 746, 750 n.1 (6th Cir. 1992)) (emphasis added).

The *Jenkins* Court was faced with disputed facts regarding whether a person was an employee in an Age Discrimination in Employment Act case. In an affidavit, the plaintiff stated that the defendant played



AO72A
(Rev. 8/82)

a role in how the plaintiff was to conduct his business; whereas the defendant stated in its affidavit that it had no role in the business decisions of the plaintiff. The Court held that the disputed fact was material, because a reasonable inference can be drawn from the evidence that the plaintiff was an employee, a finding of which "could affect the result in the case." *Id.* at 744. The Court ruled that the "determination of whether [the plaintiff] is an employee is too close to be made as a matter of law, so [the plaintiff] is entitled to reach the jury on this issue." *Id.* at 745.

Arkansas law is applicable to this diversity case. *See Id.* at 971 (applying Arkansas law to a slip and fall case where the fall occurred in a store located in Arkansas). An Arkansas property owner "has a general duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of the invitees." *Id.* (quoting *Mankey v. Wal-Mart Stores, Inc.*, 858 S.W.2d 85, 86 (Ark. 1993)). The presence of a foreign substance in the store, without more, does not prove negligence. *Id.* (citing *Mankey*, 858 S.W.2d at 87). To prevail in a case against a property owner for failing to maintain the store in a reasonably safe manner, the plaintiff must show that (1). the substance was present as a result of the defendant's negligence, or (2). the substance was present for a long enough period of time that the defendant knew or reasonably should have known of its presence and failed to remove it. *See Wilson v. J. Wade Quinn Company, Inc.*, 952 S.W.2d 167, 169 (Ark. 1997) (citation



AO72A
(Rev. 8/82)

omitted).

**1. "Foreign Substance" Claim.**

To prove Defendant had knowledge that a foreign substance was present and/or the substance was present for sufficient that Defendant should have known of its presence,[6] Plaintiff presented an alleged statement by an unidentified store employee that they had used air freshener to cover the odor and the recollection of Plaintiff Jessica Jones that the substance was cold[7] and wet.

Defendant produced deposition testimony to show two employees were unaware that any substance was present, and that neither employee detected an odor that would have caused one to reasonably know that a foreign substance was present. Defendant presented evidence, through employee depositions, that the dressing rooms were supposed to be checked every night by an employee and that a cleaning crew cleaned the rooms every night. Defendant also presented evidence that a store employee, Regina Murders, checked all of the dressing rooms approximately 15 minutes prior to Plaintiffs entering the area.

In *Sanders v. Banks*, 830 S.W.2d 861 (Ark. 1992), the plaintiff slipped and fell on a substance she guessed was tobacco juice. She described the substance as brown, slimy, and gelled. She reasoned that the substance had to have been present for a long time, as it had

---

[6]Plaintiff do not allege that the substance was present due to Defendant's negligence.

[7]Plaintiff Missy Jones recounts that her daughter told her the substance was cold and wet; however, Plaintiff Jessica Jones states only that it was wet.



AO72A
(Rev. 8/82)

gelled. However, the court found that "absent . . . evidence as to how long it would have taken it to 'gell', even assuming, again without evidence that it does gell, there was no evidence that the substance which was allegedly on the floor had been there long enough that store personnel should have had notice of it." *Id.* at 863. However, the Plaintiffs, in the case *sub judice*, presented evidence that the substance was cold. Reason would have the substance being present for sufficient time for it to become cold, absent additional factors.

Plaintiffs cite the Arkansas Supreme Court case *Wilson v. J. Wade Quinn Company, Inc.*, 952 S.W.2d 167 (1997), where the alleged statement made by a store employee raised a question of fact. The *Wilson* Court addressed the issue of an employee allegedly stating that he thought "that" had been cleaned up, after the accident (the plaintiff had fallen on a substance and was leaving a restroom after cleaning himself up when he heard the employee's comment). *Id.* The court determined that a genuine issue of material fact existed, because the substance consisted of dirty water and mashed food particles that was spread over a wide floor area, as if it had been walked through for some time, and the employee's statement "add[ed] considerable weight to the possible conclusion that the store was negligent by virtue of knowledge of the presence of the substance and fail[ed] to remove it." *Id.* at 169.



AO72A
(Rev. 8/82)

The facts in *Wilson* are similar to the facts in the present case. In *Wilson*, the alleged comment, *coupled with the obvious appearance* of the foreign substance presents a factual question of whether an employee was aware of the substance prior to the accident and whether the substance was present for sufficient time for the defendant to know of its existence.[8] The same can be said in the present case. The obvious appearance of the foreign substance, cold, together with a statement purportedly made by an employee that the odor had been present for days and air freshener was used to cover the odor, presents a factual question of whether an employee was aware of the substance prior to Plaintiffs coming in contact with it and whether the substance was present for sufficient time that Defendant should have known of its existence.

Plaintiffs have failed to identify the person who allegedly made the statement. Additionally, Defendant has provided evidence that neither of two employees working in the dressing room area that day, Colandra Wallace and Regina Murders, made such a comment. They likewise, were not aware of an odor in the area or that air freshener had been used. However, we find that the competing arguments regarding whether such a comment was made by Defendant’s employee is an issue of material fact, because a finding by the jury that an employee did make such a comment could affect the result in the case. th. Additionally, there is a factual issue as to whether the dressing

[8]It is not stated in the opinion whether the employee was identified.



AO72A
(Rev. 8/82)

room had been cleaned the night before the incident. This case is admittedly close, and a jury may well return a verdict in favor of Defendant. However, a close case should not be resolved on summary judgment, as the facts and reasonable inferences must be viewed in light most favorable to Plaintiffs. *See Jenkins*, 307 F.3d 741.

**2. Tort of Outrage.**

Under Arkansas law, the tort of outrage "is essentially that of intentional infliction of emotional distress." *Manning v. Metropolitan Life Insurance Company, Inc.*, 127 F.3d 686 (8th Cir. 1997) (citation omitted). "[T]he Arkansas courts take a very narrow view of the claims of outrage," holding that "[t]he tort is clearly not intended to provide legal redress for every slight insult or indignity that one must endure." *Id.* at 690 (citations omitted). The Eighth Circuit Court of Appeals has found four elements that must be proven to establish a tort of outrage:

> 1. the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct;
>
> 2. the conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community;
>
> 3. the actions of the defendant were the cause of the plaintiff's distress; and
>
> 4. the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Id.* (citing *Doe v. Wright*, 82 F.3d 265, 269 (8th Cir. 1996) (citing



AO72A
(Rev. 8/82)

*Deitsch v. Tillery*, 833 S.W.2d 760, 762 (Ark. 1992))).

Our finding that there is a question of fact that remains regarding Defendant's knowledge of the substance or that the substance was present long enough that Defendant should have know of its existence, results in the presence of the same question of fact regarding the first element of the tort of outrage. Accordingly, the Court concludes that Plaintiffs' claim of outrage is not subject to summary judgment.

**C. Conclusion**

The Court, after reviewing the pleadings and the evidence on file, and viewing the evidence in the light most favorable to the non-moving party as required, finds that there remain genuine issues of disputed material facts, including but not limited to, whether a store employee made a comment about an odor being present for days, and whether Defendant did clean the dressing room the night before the incident. Accordingly, the motion for summary judgment is DENIED. This case remains set for Jury Trial during the week of January 23, 2006, in Hot Springs, Arkansas.

IT IS SO ORDERED this 20th day of December 2005.

/S/ Robert T. Dawson
Robert T. Dawson
United States District Judge



AO72A
(Rev. 8/82)